## STEPHENS v. PITTSBURGH PLATE GLASS CO.

Circuit Court of Appeals, Fifth Circuit. January 6, 1930.

No. 5664.

George W. Bassett, of St. Augustine, Fla., for appellant.

J. T. G. Crawford and Philip S. May, both of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a suit brought by a trustee in bankruptcy to set aside a preference, on the sole ground of the demurrer that a previous demand for the return of the property was not alleged. The parties will be referred to as they appeared in the District Court.

The declaration substantially alleges that J. H. Bowling filed a voluntary petition in bankruptcy on July 11, 1927, was adjudicated bankrupt, and plaintiff was duly elected and qualified as trustee; that on March 28, 1927, within four months before bankruptcy, Bowling was insolvent and indebted to defendant in the sum of $14,000, and, on that date and subsequent dates, he transferred and delivered certain merchandise, to the value of $11,000, to defendant and received credit for it; that the effect of the transfer was that defendant obtained a greater percentage of his debt than any other creditor of the same class; that defendant had reasonable grounds to believe that on the said dates it was intended to give it a preference by the transfer; that plaintiff made no demand on defendant prior to bringing suit, as it would have been unavailing and would not have accomplished the return of the merchandise. By other allegations and a bill of particulars the items of merchandise and the dates on which they were returned are shown in detail, except as to two credit invoices, the facts as to which are alleged to be within the knowledge of defendant.

A demand before suit usually is necessary only when the debtor must be put in default before the cause of action accrues. Where there is a present liability the suit is itself a sufficient demand. 1 Cyc. 978, par. 74. If this were a suit between the bankrupt and the defendant for conversion, doubtless a demand would be a condition precedent, without which the suit could not be maintained, as the property was voluntarily turned over and there would be no conversion unless its return was refused. However, as between the trustee and defendant there is no question of conversion. The right of the trustee to set aside the transaction and recover the property, or its value, arises purely from the Bankruptcy Act, § 60a and § 60b, 11 USCA § 96(a) and (b) as also does the duty of the defendant to return the property. As there was a liability created by the filing of the petition, followed by adjudication, the suit was a sufficient demand.

It is true that the Supreme Court expressed some doubt on this question in the case of Eau Claire Nat. Bank v. Jackman, 204 U. S. 522, 27 S. Ct. 391, 51 L. Ed. 596; but in any event that case is decisive of the issues here presented, as it was held that the necessity for a demand was obviated where it would be unavailing.

On appeal the defendant also relies on two other grounds of the demurrer not passed on by the District Court, to wit, that it does not appear that there are creditors who would have a right to complain of the alleged preference, and that it is not alleged that the property transferred was subject to the bankrupt's debts. These objections are without merit. The trustee was not required to plead his evidence nor to negative every possible defense that might be interposed. The declaration as a whole tracks the statute and contains every essential averment.

Reversed and remanded.